### DONALD McAULEY vs. GEORGE H. REYNOLDS.

*Amendment allowed.*

A new count declaring upon an account annexed may be allowed in a suit upon a note given on Sunday in settlement of a prior account, since the note is void.

ON REPORT.

ASSUMPSIT on a promissory note, executed and delivered on the Lord's day, given in settlement of a book account which the plaintiff had against the defendant.

When the action came on for trial the plaintiff's counsel asked leave to amend his writ, by inserting a count upon an account annexed in the usual form, to recover for the items on his books for which this note was given.

To this proposed amendment the defendant's counsel objected, but the presiding justice allowed it to be made. If the amendment was properly allowed and the plaintiff cannot recover upon the note, the defendant was to be defaulted upon the account annexed; but if the amendment was not properly allowed and the plaintiff cannot recover upon the note he was to become non-suit.

*P. G. White* for the plaintiff, cited *Strang* v. *Hirst*, 61 Maine, 9.

*B. Kimball* for the defendant.

APPLETON, C. J. The note in suit was given on the Sabbath and is therefore void. The plaintiff was allowed to amend by inserting a new count based upon the account in settlement of which this note was given.

The amendment was properly allowed. In an action on a note given in the name of a partnership after its dissolution, the plaintiff was allowed to amend by adding a count upon the account for which the note in suit had been given. *Perrin* v. *Keen*, 19 Maine, 355. So when an action of debt was brought upon a judgment recovered in a state where the courts had no jurisdiction of the person of the defendant, the declaration was amended by striking out the original counts and inserting a count for work and labor, which was the basis of the original claim. *McVicker* v. *Beede*, 31 Maine, 314. The account for which the note was given was in full force and the plaintiff is entitled to judgment.

*Defendant defaulted.*

DICKERSON, DANFORTH, VIRGIN, PETERS and LIBBEY, JJ., concurred.